UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRUNG LE,<br><br>                Plaintiff,<br><br>    v.<br><br>AMERICAN SEAFOODS COMPANY<br>LLC, et al.,<br><br>                Defendants. | CASE NO. C06-130JLR<br><br>ORDER |

       This matter comes before the court on Defendants' motion for leave to file a first amended answer (Dkt. # 21). For the following reasons, the court GRANTS the motion.

       Defendants move for leave to file an amended answer adding counterclaims against Plaintiff for fraud and unjust enrichment. The court's scheduling order required the parties to file any amended pleadings by October 5, 2006. Defendants contend, however, that their proposed counterclaims are based on evidence of Plaintiff's preexisting condition, which they first learned of in February 2007. Defendants therefore seek leave of the court to amend their answer.

       Defendants cite to Rule 15(a) of the Federal Rules of Civil Procedure as the basis for their motion, which provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Plaintiff counters that the appropriate standard for Defendants' motion for leave to amend is the "good cause" standard found in Rule 16(b).

ORDER – 1

Fed. R. Civ. P. 16(b).  Rule 16(b) applies in cases, such as this one, where the court has entered a scheduling order that sets a deadline for amending pleadings.  See Coleman v. Quaker Oats Co., 232 F.2d 1388, 1391 (9th Cir. 2000).  While Rule 15(a) liberally allows for amendment of pleadings, Rule 16(b) requires good cause for the movant's failure to amend prior to the time specified in the scheduling order.  Id. (citations omitted).  In determining good cause the court looks primarily to the "diligence of the party seeking the amendment."  Id.

The court concludes that under either standard, Defendants have met their burden for filing an amended answer in this case.  Plaintiff's claims include damages for an injury he suffered to his left ear and vestibular while onboard Defendants' commercial fishing vessel.  Defendants allege that they recently learned that Plaintiff's ear injuries may have preexisted his employment with Defendants.  Accordingly, Defendants seek leave to amend their answer to include counterclaims for fraud and unjust enrichment.  Based on the record before the court, Defendants have shown that they were diligent in seeking this amendment and that both justice and judicial economy require it.[1]

The court GRANTS Defendants' motion for leave to file an amended answer (Dkt. # 21).  Defendants shall file an amended answer within five days of the date of this order.

Dated this 19th day of March, 2007.

_____
JAMES L. ROBART
United States District Judge

---

[1] Plaintiff also contends that Defendants' alleged discovery abuses justify denying their motion to amend.  The court does not consider Defendants' alleged discovery abuses in the context of a motion to amend.  Parties should submit claims of discovery abuses on a full record and in the context of a discovery motion.

ORDER – 2